**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GILBERT EVANS, | ) | |
| No. B06117, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01417-SMY |
| | ) | |
| CITY OF BELLEVILLE, IL, | ) | |
| ST. CLAIR COUNTY JAIL, | ) | |
| MEDICAL STAFF, and | ) | |
| RICK WATSON, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**YANDLE, District Judge:**

Plaintiff Gilbert Evans, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement and medical care while a pretrial detainee in the St. Clair County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, between August 13, 2013, and January 17, 2014, Plaintiff Evans was held in the St. Clair Jail as a pretrial detainee. Due to overcrowding, Evans was housed along with 40 or 50 other prisoners in the Jail's gymnasium. There were no cots, tables or chairs, so prisoners had to sleep and eat on the floor. They were not given cleaning supplies, and there was only one toilet. Prisoners were generally permitted two showers per week, but only when there was sufficient staff on duty.

Evans must take medication on a daily basis for epilepsy and depression. According to the complaint, nurses did dispense his medication in the gymnasium. Whether there is any perceived connection between how the medication was dispensed is unclear, but after a month in the gym Plaintiff broke out with large red circles all over his body. He was immediately taken to the infirmary and a nurse issued Benadryl, which cleared up the skin condition. However, when the Benadryl prescription was exhausted the skin condition returned. The allergy persisted after Plaintiff was transferred to Graham Correctional Center—Benadryl was again prescribed. Plaintiff now asserts that the jail staff treated him "more like a nuisance then [sic] a patient." He

describes feeling "humiliated and embarrassed."  He also takes issue with the "lack of proper administration of medical services and general disorganization of nursing services."

Plaintiff seeks compensatory damages and the termination of the fine and court costs imposed as part of his criminal sentence.  Attached to the complaint, and noted within the narrative, are news articles regarding three other detainees settling a conditions of confinement suit against St. Clair County relative to the conditions of the jail, and Sheriff Watson's comments lamenting that the overcrowding and conditions of confinement will persist if a new jail is not built.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:  Defendants subjected Plaintiff to conditions of confinement that violated the Fourteenth Amendment; and**

**Count 2:  The medical care Defendants offered Plaintiff violated the Fourteenth Amendment.**

### Discussion

Claims regarding the conditions of confinement brought by pretrial detainees pursuant to 42 U.S.C. § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment.  *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000).  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (in re detainees) and Eighth Amendment (in re convicted prisoners) 'without differentiation.' " *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan,* 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment.  *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).  Similarly, pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013.  The applicable "deliberate indifference" standard requires a plaintiff to show that (1) the harm suffered was objectively serious, and (2) the defendant official acted with deliberate indifference to the plaintiff's health or safety.  *Id.*  Negligence, even gross negligence, is insufficient (*Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)), as is medical malpractice (*Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007)).

The allegations regarding medical care underpinning Count 2, clearly do not suggest a constitutional violation.  The complaint describes Plaintiff receiving his medications and prompt, effective treatment for his skin condition.  The fact that Plaintiff was made to feel like a nuisance instead of a patient, mere disorganization, and improper administration do not violate the Constitution.  Therefore, Count 2 must be dismissed.  Consequently, "Medical Staff" will also be dismissed.  Dismissal will be without prejudice.

 Relative to Count 1, jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items."  *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted).  This includes adequate bedding.  *Budd,* 711 F3d at 843. Furthermore, multiple unsanitary conditions, such as those described in the complaint, "may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.' "  *Budd,* 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S.

294, 304 (1991)).  Although the conditions of confinement in the gym—the lack of cots and cleaning supplies, and the shortage of toilets—fall within the ambit of the Fourteenth Amendment, that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Sheriff Rick Watson, the only individual named as a defendant, is not described in the narrative portion of the complaint.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Moreover, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Therefore, Watson will be dismissed in his individual capacity.

Although the *respondeat superior* doctrine is inapplicable, with respect to systemic rather than individual constitutional violations, a unit of local government, like a Sheriff's Department by and through the Sheriff in his official capacity, may be liable for official policies and customs. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514–15 (7th Cir. 2007).  *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).  A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by

a person with final policymaking authority. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). The allegations of the complaint reflect a widespread practice sufficient to state an official capacity claim regarding the conditions of confinement. Therefore, Count 1 shall proceed against Sheriff Rick Watson in his official capacity—in effect against St. Clair County.

Because the St. Clair County Jail is a building and not a unit of government, the jail itself is not a proper defendant to a *Monell* claim. The City of Belleville must also be dismissed. Belleville is the city where the jail is located, but it is a county jail, not a city jail. There are no allegations linking Belleville to the conditions at the jail. Dismissal of the jail and Belleville will be with prejudice.

Lastly, insofar as the prayer for relief seeks the termination of the fine and court costs imposed as part of Plaintiff's criminal sentence, Section 1983 does not authorize such a remedy. That aspect of the prayer for relief is dismissed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2**, the medical claim, is **DISMISSED without prejudice**; Defendant **"MEDICAL STAFF"** is **DISMISSED without prejudice**; Defendants **ST. CLAIR COUNTY JAIL** and **CITY OF BELLEVILLE, ILLINOIS**, are **DISMISSED with prejudice**; and **RICK WATSON, in his individual capacity**, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the aspect of the prayer for relief regarding termination of the fine and court costs imposed as part of Plaintiff's criminal sentence is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the conditions of confinement claim, shall otherwise **PROCEED** against **RICK WATSON in his official capacity** as St. Clair County Sheriff.

The Clerk of Court shall prepare for Defendant **RICK WATSON** in his official capacity as St. Clair County Sheriff:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2015**

s/ STACI M. YANDLE
**United States District Judge**